# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JOSIE SAMANTHA HART**                                                      **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:24-CV-P489-JHM**

**DAVID PUCKETT** *et al.*                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow other claims to proceed.

## I.

Plaintiff Josie Samantha Hart was previously incarcerated at the Louisville Metro Department of Corrections (LMDC) as a pretrial detainee. She brings this action against four LMDC officials – Classification Supervisor David Puckett, Case Worker Miss Baker, Lieutenant Aaron Green, and Director Jerry Collins.[1]

In the complaint (DN 1), Plaintiff alleges that Defendants Collins and Puckett placed her on the "male side" of LMDC even though her Kentucky "I.D.," medical records, and court documents all clearly showed that her name had been legally changed to Josie Samantha Hart and that she was female. Plaintiff also states that these Defendants allowed male guards to strip search her. Plaintiff alleges that Defendant Baker "[o]n multiple occasions gave my info to other inmates (action request grievances and so on . . . constantly calling out of my gender and so on . . . .)." Plaintiff alleges that Defendant Green violated her constitutional rights by putting her on "razor restrictions for no reason . . . never allowing me to go to population."

---

[1] Plaintiff also sued a Luther Luckett Correctional Complex official – Mr. Pekez. However, by prior Order, the Court severed him from this action.

As relief, Plaintiff seeks damages and injunctive relief in the form of being housed with females.

Plaintiff subsequently filed a notice in which she clarifies her claims and states as follows:

My name is Josie Samantha Hart I am a (transgender) female key word female . . . . If you run my [SSN] and [Driver's License No.] . . . they both come back female. . . . Every other time I've been locked up I've been on the on the female side with other females. When I first came to jail they had me under my Dead name and Dead gender. They later changed it after 3½ months being locked up. I was supposed to be moved back to female side but security decided I was a security risk so it never happened although they kept Josie Samantha Hart female in the computer system. I had to have surgery to get it changed to female on my Kentucky State I.D. After 14 months of it being like that on 11-31-23 they decided to change it to male. Which allows officers to misgender and (This is a violation of my 1st Amendment)(Freedom of free expression or free speech) (alowes male officers to strip search me and frisk me.) Everything about me reads female. I suffer from Gender dysphoria and this also makes me suicidal. I have paper work where they breached my privacy . . . about the surgeries they say they think I have in front of inmates to dog me and so on (violation of 14th Amendment privilege). And being locked in a single cell for this long plus guards taunting me . . . violation of 8th Amendment free from any cruel and unusual punishment."

(DN 6) (emphasis added).

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A. Official-Capacity Claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, the Louisville Metro Government.

When a § 1983 claim is made against a municipality such as the Louisville Metro Government, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.  Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by the Louisville Metro Government.  Thus, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendants Collins and Puckett

Plaintiff alleges that Defendants Collins and Puckett wrongfully classified Plaintiff as male.  She alleges that this misclassification resulting in her being housed on the male side of the LMDC and strip-searched by male guards.  Based upon these allegations, <u>the Court will allow Fourteenth Amendment due process claims to proceed against Defendants Collins and Puckett in their individual capacities</u>.

The Court, however, can discern no First Amendment violation based upon Plaintiff's claim that Defendants Collins and Puckett "misgendered" her.  The First Amendment prohibits the government from abridging the freedom of speech. U.S. Const. amend. I.  The Court can find no case in which a court has held that being "misgendered" by prison officials violates a prisoner's First Amendment rights.  Thus, the Court will dismiss Plaintiff's First Amendment claim for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Beverly v. Orange Cnty.*, No. 8:20-cv-00797-JGB (SP), 2021 U.S. Dist. LEXIS 239021, at *15 (C.D. Cal. Sept. 21, 2021)

(holding that jail officials' use of the transgender plaintiff's former name on her wristband did not deter or stifle the plaintiff's speech), *report and recommendation adopted,* 2020 U.S. Dist. LEXIS 186317 (C.D. Cal. Aug. 3, 2020).

### 2. Defendant Green

Plaintiff alleges Defendant Green violated her constitutional rights by putting her on "razor restrictions for no reason . . . never allowing me to go to population." Based on this allegation, the Court will allow a Fourteenth Amendment claim to proceed against Defendant Green in his individual capacity.

### 3. Defendant Baker

Plaintiff alleges that Defendant Baker "[o]n multiple occasions gave my info to other inmates (action request grievances and so on . . . constantly calling out of my gender and so on . . . .)." The Court finds that this allegation is too vague and lacks "sufficient factual matter" to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### 4. Other Claims

#### a. Eighth Amendment

Although Plaintiff asserts claims under the Eighth Amendment, it is the Fourteenth Amendment which protects pretrial detainees from unconstitutional conditions of confinement. *See Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021); *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). Thus, Plaintiff's Eighth Amendment claims must be dismissed for failure to state a claim upon which relief may be granted.

#### b. Verbal Harassment

Plaintiff alleges that various LMDC guards taunted her because she is transgender. The

use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same).

### c. Breach of Informational Privacy

The Court next turns to Plaintiff's allegation that LMDC guards violated her right to privacy by talking "about the surgeries they say they think I have in front of inmates to dog me . . . ." There are no general constitutional protections against the disclosure of private information. *Wilson v. Collins*, 517 F.3d 421, 429 (6th Cir. 2008). However, a right to informational privacy can be protected by the Fourteenth Amendment when a plaintiff's fundamental rights are implicated. *Id*. Here, even assuming Plaintiff has an informational privacy interest in her medical records implicating a fundamental right, Plaintiff's allegation is not that LMDC guards disclosed information from her medical records but rather that they speculated about what his medical history could be. As such, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### d. Injunctive Relief

Finally, Plaintiff's request for injunctive relief must be dismissed as moot because she is no longer incarcerated at LMDC. *See, e.g.*, *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The Court will allow Fourteenth Amendment due process claims to proceed against Defendants Collins, Puckett, and Green in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

2. The Court **DISMISSES** all other claims brought by Plaintiff pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3. The **Clerk of Court** is **DIRECTED** to terminate Defendant Baker as a party to this action since no claims remain against her.

The Court will enter a separate Service and Scheduling Order to govern the development of this action.

Date: November 18, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants Collins, Puckett, and Green
Jefferson County Attorney
4414.011